FILED

DEC 06 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**EUREKA DIVISION**

KAW

**MOTION TO CONFIRM ARBITRATION AWARD**

EEON F.K.A. BRETT JONES &
THE CUSTODY CLASS, ET AL.,

CV   19   80 288 MISC

PETITIONER(S)

v.

**MOTION TO CONFIRM ARBITRATION AWARD**

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION – OFFICE OF
INTERNAL AFFAIRS,
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION – OFFICE OF
THE OMBUDSMAN,
JUDICIAL COUNCIL OF CALIFORNIA,
CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA,
CALIFORNIA GOVERNOR GAVIN NEWSOM,
OFFICE OF THE INSPECTOR GENERAL,
U.S. ATTORNEY GENERAL WILLIAM BARR,
SUPERIOR COURT OF CALIFORNIA, ET AL.,

RESPONDENT(S)

## IDENTITY OF THE PARTIES

1. Petitioner, Eeon is a citizen of the State of Nevada.

2. Respondent(s) are citizens of the State of California, with their Corporate Headquarters
   located in the State of California.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for reasons set
   forth below.

2. Petitioner is a citizen of the State of Nevada.

3. Respondent(s) are citizens of the States of California. There is a complete Diversity of
   Citizenship between Petitioner and Respondent(s).

4. Petitioner seeks to confirm an arbitration award of which exceeds $ 75,000.00.

/s/ Eeon

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
EUREKA DIVISION

MEMORANDUM OF LAW

EEON, F.K.A. BRETT JONES &
THE CUSTODY CLASS, ET AL                                      PETITIONER(S),
        v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION – OFFICE OF
INTERNAL AFFAIRS,
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION – OFFICE OF
THE OMBUDSMAN,
JUDICIAL COUNCIL OF CALIFORNIA,
CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA,
CALIFORNIA GOVERNOR GAVIN NEWSOM,
OFFICE OF THE INSPECTOR GENERAL,
U.S. ATTORNEY GENERAL WILLIAM BARR,
SUPERIOR COURT OF CALIFORNIA, ET AL.,

                                                                RESPONDENT(S)

        This memorandum is submitted on behalf of Petitioner Eeon f.k.a. Brett Jones in support

of this motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award.  This motion should be

granted and the award confirmed into a judgment because the arbitration was in all respects

proper and the award is final and legally binding upon all parties.

### STATEMENT OF FACTS

        On or about August 20, 2019; Petitioner Eeon and Respondent(s) entered into an

agreement which provided that the parties would settle any dispute arising out of the agreement

by arbitration according to Mark Moffett, Arbitrator.

### PROCEDURAL BACKGROUND

        Petitioner filed an arbitration claim with SITCOMM Arbitration Association claiming

that damages are due to Petitioner. On September 30, 2019 the Arbitrator issued Petitioner the enclosed award and Petitioner now moves to confirm this award.

**EXPLANATION**

The Federal Arbitration Act, 9 U.S.C. § 9; provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected. Accordingly, the court has the obligation to confirm Petitioner's arbitration award into a judgment. See *Doctor's Assocs., Inc. v. Casarotto*, 116 s. Ct. 1652, 1657 (1996) (stating the purpose of the federal arbitration act is to ensure that private agreements to arbitration are enforced); *Allied Bruce Terminix Cos. v. Dobson*, 115 s. Ct. 834, 838 (1995) ("[t]he basic purpose of the federal arbitration act is to overcome courts' refusals to enforce agreements to arbitrate.") *Southland Corp. v. Keating*, 465 U.S. 1, 15-16 (1984) ( holding the federal arbitration act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The contractual agreement provided by the Petitioner contains an arbitration clause expressly invoked under the Federal Arbitration Act which governs here.

•       If the contract (valid or otherwise) contains an arbitration clause, then the proper forum to determine whether the contract is void or not, is the arbitration tribunal.[ For example, see Heyman v Darwins Ltd. [1942] AC 356]

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the decision except to the extent that the award exceeds the agreement of the parties. See *Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest

decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will
not otherwise set aside an award for error, either in law or fact); *Coast Trading Co. v. Pacific
Molasses Co.*, 681 F 2d 1195, 1197-98 (9th Cir. 1982).

Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We
must interpret the act as written and the Act in turn requires that we interpret the contract as
written. When the parties' contract delegates the arbitrability question to an arbitrator, a court
may not override the contract. In those circumstances, a court possesses no power to decide the
arbitrability issue. That is true even if the court thinks that the argument that the arbitration
agreement applies to a particular dispute is wholly groundless."

Further, Kavanaugh continued; "That conclusion follows not only from the text of the
Act but also from precedent. We have held that a court may not "rule on the potential merits of
the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court
to be frivolous." A court has "no business weighing the merits of the grievance" because the
"agreement is to submit all grievances to arbitration. Not merely those which the court will
deem meritorious." AT&T Technologies principle applies with equal force to the threshold issue
of arbitrability. Just as a court may not decide a merits question that the parties have delegated
to an arbitrator.

Here, the Arbitrator, having considered the pleadings and other evidence presented at the
hearing, determined that Respondent(s) were liable to Petitioner. The Arbitrator also determined
that Respondent(s) have no past, present or future claim against Petitioner's property. There are
no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C.
§§ 10-11 which exist and Respondent(s) have not made any motion to vacate, modify, or correct
the award.

## CONCLUSION

Petitioner respectfully requests an order confirming an arbitration award into a judgment for the amount of $ 600,000,000.00 for Petitioner and against Respondent(s) and an order releasing Respondent(s) past, present and future claims against Petitioner's property and return any and all properties held in any manner.  Petitioner also requests that this Court also award statutory interest per the terms and conditions of the contractual agreement.

Dated:        November 27, 2019

Econ, Petitioner

**CERTIFICATE OF SERVICE**

I, Eeon, being at or above the age of 18, of the majority, a citizen of the United States of America, did mail the documents entitled:

Motion to Confirm Arbitration Award
Memorandum of Law
Civil Cover Sheet
Arbitration Award
Contract

by placing them in an envelope addressed to: Name and address:

United States District Court
Northern District of California
Eureka Division
Eureka-McKinleyville Courthouse
3140 Boeing Avenue
McKinleyville, California 95519

Judicial Council of California
455 Golden Gate Avenue
San Francisco, California 94102
Tracking # 9405 5116 9900 0160 8941 60

Attorney General Xavier Becerra
California Department of Justice
P.O. Box 944255
Sacramento, California 94244-2550
Tracking # 9405 5116 9900 0160 8952 80

Office of California Governor
Governor Gavin Newsom
1303 10th Street, Suite 1173
Sacramento, California 95814
Tracking # 9405511699000160896300

Office of the Inspector General
10111 Old Placerville Road, Suite 110
Sacramento, California 95827
Tracking # 9405511699000160891619

Superior Court of California
Appellate Division – Felony
240 Church Street
Salinas, California 93901
Tracking # 9405511699000160829193

California Department of Corrections and Rehabilitation
Office of the Ombudsman
1515 S Street
Sacramento, California 95811          Tracking # 9405 5116 9900 0160 8908 10

California Department of Corrections and Rehabilitation
Office of Internal Affairs
P.O. Box 3009
Sacramento, California 95812          Tracking # 9405 5116 9900 0160 8986 56

Attorney General William Barr
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530          Tracking # 9405511699000160898656

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day November 27, 2019.

Eeon:

Conditional Acceptance Performance Binding Contractual Agreement that is Irrevocable and Coupled with an Interest
#EEON-74Z9P41-37NR42ZAFLQ©

CLAIMANT:       Eeon F.K.A. Brett Jones and The Custody Class (TCC)


RESPONDENT(S):

TO:   The State of California Department of Corrections, CDOC; The State of California, it's
Assigns, Agent's, Officer's, Staff, Employee's, Contracting Agencies, Sub-Contracting Agencies,
Departments, Organizations, Et Al.

California Department of Corrections and Rehabilitation
Office of the Ombudsman
1515 S Street
Sacramento, California 95811

California Department of Corrections and Rehabilitation
Office of Internal Affairs
P.O. Box 3009                                    Office of the Inspector General
Sacramento, California 95812                     10111 Old Placerville Road, Suite 110
                                                 Sacramento, California 95827

Judicial Council of California
455 Golden Gate Avenue                           Attorney General William Barr
San Francisco, California 94102                  United States Department of Justice
                                                 950 Pennsylvania Avenue
                                                 Washington, D.C. 20530
Attorney General Xavier Becerra
California Department of Justice
P.O. Box 944255                                  Attorney General Xavier Becerra
Sacramento, California 94244-2550                California Department of Justice
                                                 P.O. Box 944255
                                                 Sacramento, California 94244-2550
Office of California Governor
Governor Gavin Newsom
1303 10th Street, Suite 1173                      Superior Court of California
Sacramento, California 95814                      Appellate Division - Felony
                                                 240 Church Street
                                                 Salinas, California 93901

**REF:**        **Conditional Acceptance Performance Contract, Binding and Irrevocable,
                Coupled with an Interest.**


August 20, 2019


I.      Title 15 of the California Code documents a relationship between the parties and that

each party appears to be un-mutually obligated to the other and that the burdens are unfairly

placed upon the Undersigned and The Custody Class (Hereinafter "TCC").  At present your (the

Respondent(s) as a whole referenced throughout as either you and/or your collectively or

individually).  Offer to change the terms of the agreement are accepted under the following terms and conditions.

You must/shall supply Proof of Claim for each and every question and/or Proof of Claim presented herein, with specificity; facts and conclusions of common law with supportive factual evidence.  Failure to respond, or to supply a general response; or to provide no specific's as demanded and to retaliate, contest, argue, debate and the like shall constitute performance within the meaning of acceptance of terms.  Each Proof of Claim is within the general scope of knowledge and/or reach and/or realm of expertise of the Respondent(s) and under the Redress Clause and the Right to Petition Clause, you must respond, equating to performance.

## II.    PROOF OF CLAIMS

1.107.2    That you must provide security for all who are deemed under or in custody within your organization?

1.017.3    That such security is effective via security camera's that are routinely monitored?

1.017.4    That if one facility has such camera's utilized for security purposes, equal protection of law demands that they all do?

1.017.5  That your receipt and release facilities do not have such equipment and that if they had, such monitoring equipment would have documented the Undersigned and many other arrivals having their property seized and discarded without probable cause or due process of law as is mandated by the 5th and 6th Amendments of the Constitution for the United States of America and the counterpart California Constitutional Guarantee?

1.017.6  That those who are housed in protective custody are due and expected to be protected?

1.017.7  That such persons may not be subjected to officer misconduct by allowing inmate on

inmate violence as witnessed by the Undersigned and many others, only to have the victim penalized by loss of access and privileges?

    1.017.8  That had camera's been in these pods, dorms, housing units and/or other detention facilities, as is at most county jail facilities; the actual party at fault would be subject to disciplinary action and such would help deter violence?

    1.017.9  That the seizure by the official of the shoe's worn by the Undersigned and his medical documentation upon arrival at Delano (Kern men's) State Prison, violated policy # 3193 and 3350 of CDCR?

    1.017.10  That such did not constitute a denial of due process and a violation of the American Disabilities Act?

    1.017.11  That the issuance of order to replace shoe's at prison expense documented acceptance of liability under CDCR § 3193(b)?

    1.017.12  That the grievance process is not as intended via the right to petition for redress of grievance as such by law may not be denied or rejected as implied and intended by the will of the people?

    1.017.13  That the denying a person held in custody their right to religious, legal and personal property, by more than 30 days after arrival; after repeated requests by owner of property, without notification of valid reason is  a violation of rights and CDCR policy?

    1.17.14  That the state through CDCR and other agencies are holding and/or detaining people as property held in trust?  And that this is considered a special relation or a trust relationship, with an implied duty of care?

    1.017.15  That duty officer's are knowledgeable of the right of each person in custody to

receive at the very least 8 hours of continuous sleep, unless circumstances (emergencies) dictate otherwise;  this would include lights out for at least 8 hours?  Then why do duty staff shine a light in the facial area's of sleeping inmates while under lights out protocol's?  does this not amount to an intentional act to induce sleep deprivation, as defined by the U.S. Department of Justice as torture?  Why is your staff putting and/or subjecting inmates to torture?

1.017.16  That other states have a yard(s) or prison designated for individuals charged with a sex offense, due in part to the high numbers of person's charged and the current prison disposition toward those so charged.  Why has California deliberately refused to make such site's available after the creation  of special laws, for not providing has resulted in beatings/assaults/murders; all prime security concern's as addressed to congress and in application for more staff?

1.017.17  That a person has the right via due process to life, this would include inmates.  This right permits one to eat foods not only nutritious, but healthy; so why are many unhealthy high cholesterols laced, salt laden and high fat content foods supplied during meals and/or on canteen?

1.017.18  That a religious diet is a religious diet and per the right to freely practice one's religion, an inmate has the right to a diet according to the spiritual reference work (Bible, Karan, et al) and staff denying one access is a denial of due process and a violation of policy when not supported thereby (general policy CDCR 3200).

1.017.19  That the claim of a security concern, must actually be a bonified security concern; supported by evidence and documentation and not on presumption and/or assumption's.

1.017.20  That Degenerative Disc Disease is recognized under the ADA and as such the Respondent(s) must provide treatment consistent with pain management, to include accommodations.  Why do the Respondent(s) refuse care and/or access?

Conditional Acceptance Performance Binding Contractual Agreement that is Irrevocable and Coupled with an Interest
#EEON-74Z9P41-37NR42ZAFLQ©

1.017.21  According to the CDCR, the prison staff word is bond and if a staff member said it occurred; it is up to the inmate to prove otherwise, even when security staff has no proof such as video security surveillance.  This is not fair as it places an undue burden upon an inmate and none on security staff.  Is this not a fair assessment?  If not, why not?

1.017.22  That the classification is an out dated system, that liked offenses should be housed with liked offenses (murder's and homicide with attempted murder and homicide; armed with armed; violence with violence, non-violence with non-violence; if a documented history exists than an individual assessment may be warranted), the current system has led to riots, gang violence and the like, why are the Respondent(s) slow in correcting the issue?

1.017.23 That officer's should not investigate officer's?  This is unfair, prejudicial and biased.  You would object to inmates judging and/or investigating other inmates, so we do the same at present; and if you cannot justify, you agree to change to a public independent group answerable to prison right organization oversight!

**III.  CAVAET**

2.17.1.  By law, the  parties have a prior relationship and are answerable to the other.  As such; the aforementioned Proof of Claims qualify as mandatory redress questions, requiring communication and a response.  It is agreed by all parties associated with this agreement, which constitutes performance as defined herein and that a failure to respond as specified herein, or providing a general response, constitutes tacit acquiescence, whereby the party by so doing accepts and agrees to each point as they work in favor of the non-defaulting party and/or The Custody Class or the Undersigned if the defaulting party is the Respondent(s), you or your as defined herein.  All parties agree that failure to respond with specificity to each Proof of Claim and/or questions presented complete with facts and conclusions of common law amounts to an

informed decision, a choice not to appear, to default, to acquiesce to the terms and conditions

contained within this self executing binding irrevocable performance contractual agreement

coupled with an interest, waiving any right, option, or opportunity to challenge, contest, argue,

deny, refuse, ignore, retaliate, complain and/or otherwise for the next ninety-nine (99)

consecutive years, from the date of receipt by any agent of the initial contractual notice, which

will constitute performance and acceptance by that party (401 U.S. 378-379; 339 UY.S. 306; 339

U.S. 314; 395 U.S. 337; 339, 340; 118 U.S. 235, 238; 256 U.S. 51, 64; 294 U.S. 330, 352-353;

91 U.S. 389, 396; 292 U.S. 571, 580; 99 U.S. 70; 15 Pet. 977, 392; 7 Wall. 666, 675).

2.17.2.   The Undersigned and his class herein and hereby, provides and extends to the

Respondent(s) ten (10) calendar days (commencement the day of receipt of a representation of

this agreement), to provide the Undersigned as a representative of the special relationship class

and his person, with the requested Proof of Claims, evidence, facts and conclusion supported by

common law and to transmit such communications to the Undersigned within the ten (10)

calendar day period, for the sole purpose of certifying response or want thereof by the

Respondent(s).  Further, the class and the Undersigned extends to the Respondent(s) a good faith

offer for an extension of an additional (10) ten days, provided that the Respondent(s) request in

writing for the additional ten (10) consecutive days within the scope of the original ten (10) days,

and such request is received prior to the expiration of the later (original ten days).  Should the

Respondent(s) make such a request, and does so in bad faith, with dishonest intentions to delay,

harm, or commit fraud or attempt to defraud the Undersigned or his class party it shall constitute

and be deemed as evidence thereof and an automatic double default (defined below).  Refusal,

failure, or attempt to evade equates to performance of the part of the Respondent(s) and shall

act/serve as ratification by the Respondent(s). All facts as set and established and agreed upon by the parties of this agreement are true as they work in favor of the Undersigned and his class.

## IV. ARBITRATION

3.017.1. All parties agree that upon default that the defaulting party as determined and defined herein, waives any and all rights and agrees that such default may be brought to the attention of the Sitcomm Arbitration Association (Hereinafter "SAA"); who shall have exclusive and sole jurisdiction in determining all controversies, disputes, claims, breeches, objections and/or issues arising hereby, herein or between the parties henceforth, to include but not limited to any and all question(s) of arbitrability. The arbitrator shall be chosen at random according to the rules of SAA in line with the Federal Arbitration Act, 9 USC §§ 1-16 and common law. The Arbitration Association and agents shall have complete immunity and all parties agree to being estopped from bringing forth any claim against the SAA henceforth for acting in capacity of Arbitrator or Association.

3.017.2. The parties further agree that the defaulting party shall be liable to the arbitration Claimant who files a legitimate request for disposition and provides proof of default as expressed herein, for the total sum of $ 600,000,000.00 (Six Hundred Million Dollars U.S.D.)

3.017.3. If the defaulting party shall be the Respondent(s) they agree to supply working camera's at all facilities (of 22x resolution or above), where persons are in detention/custody/confinement, et al. Every area where the inmate may happen to venture, be transported, held, detained and/or observed. These cameras shall cover all angles and come with audio and recording capabilities (logs shall be maintained) monitored by staff who shall be required to document any violation of right or policy viewed by monitored cameras.

3.017.4.  Double default happens when a party and/or their agent deliberately attempts, fails and/or refuses to act in good faith as defined herein.  That party by so doing agrees to liability and consents to the arbitration award, even if they fail to appear, an award is pending, or has yet to be requested and/or issued.

3.017.5.  Upon default, Respondent(s) agree to provide healthy foods that contribute to good health and longer life.  To provide items that appeal to taste, culture, and at a price of 15% above purchase price.  The Respondent(s) must also acquire products at the lowest possible price from vendors who maintain the same prices comparable to the brands (Dollar Tree, Inc.; Dollar General, Inc; 99 Cent only Store, Inc) when purchased by these companies in bulk; a list of at least 80 items.

3.017.6.  The Respondent(s) agree to provide all in custody access to natural/supplemental medication that provides the same function as the medication (chemically) prescribed.  This shall continue from day of default and expire ninety-nine (99) years as defined herein.

3.017.7.  The Respondent(s) shall hold each officer accused of assault under investigation via review of camera footage which shall be installed immediately upon default and all facilities shall remain on lock down during the install at the private institution. The units can be taken off lock down after installations are complete for that unit.  The entire system must be installed/completed within 280 days of default.

3.017.8.  The Respondent(s) further agree to provide religious diets to all who seek, request, and ask, under the right to practice religion freely.  The Respondent(s) further agree to supply phone access for all new arrivals at any and all institutions.  This access shall be unlimited as is at the main yard and shall be within reason.  The Respondent(s) shall further

permit and allow pro-se parties to provide a list of three (3) parties for whom legal mail and correspondence shall be handled, who is not a lawyer, or other legal professional and to communicate with the aforementioned listed party as if such were a legal professional.  Further, the Respondent(s) shall provide at least three (3) envelopes (stamped) plus nine (9) sheets of lined paper to each new arrival and access to commissary upon arrival, with weekly visits to commissary (canteen) until limit amount is reached.  This shall be done immediately upon default as defined herein.

3.017.9.  All parties agree that this presentment (performance contract) is to be construed contextually, without overdue concern to spelling.  That the terms, words "and/or," "include," "including," are not limiting unled the context suggests otherwise,  that the singular includes the plural and vis versa and masculine includes the feminine and vis versa.  Also the parties agree that the invalidity of one section does not invalidate another.

3.017.10.  The parties further agree that all of the proof of claims defaulted on by the Respondent(s) shall be corrected so as to benefit the Undersigned as his party class.  And that if all of the terms are satisfied as prescribed that the Undersigned and his class shall comply with the provisions of Title 15 aforementioned so far as due process and equal protection of law permits.

3.017.11.  The defaulting party shall be estopped from maintaining or enforcing any portion of the original agreement, within any forum, this agreement by the will of the parties is not subject to judicial review under any circumstances.

3.017.12.  As each proof of claim must receive a separate and specific response, it is to be noted, that failure upon the Respondent(s) to so respond constitutes a default with the meaning as specified herein, i.e. performance.

3.017.13.  The contracts that contain an arbitration clause concerning the Undersigned, whereby a default has noted an award has or has not been issued shall not be affected by this agreement.  This agreement shall supersede all other agreement's respecting the context contained herein as specified, except for the former aforementioned provision noted above this paragraph.

3.017.14  The Respondent(s) further agree that local calls shall be at a rate of five (.5) cents per minute and that long-distance calls shall be construed as U.S. local and at a rate of seven (.7) cents per minute.  That since the calls are subject to monitoring this equates to the maintenance charge, taxes and fee offset.  The parties agree that the law permits calls to be recorded by the institutions, it however; does not demand nor make such mandatory, and as such, the recording of the call is a choice on the part of the agency, of which the Respondent(s) must and agree that they shall foot-the-bill for providing such a non-mandatory service.  That even if a law made such mandatory, such would be the cost of business and the inmate cannot be punished a second time as this would be an additional punishment and/or penalty; violating due process.  The Respondent(s) are prohibited from restricting phone access or calls.  To not comply as such would equate to bad faith double default, making the Respondent(s) liable and required to allow cell phone access to every inmate; who shall receive the first two (2) years free of service and each subsequent year at $ 75.00 per year, pro-rated from trust fund account.

3.017.15.  That the Respondent(s) agree to increase hourly rates by 90% and the minimum wage shall be at % 2.25 per hour for each inmate employee.  If the 90% is at or below $ 2.25, it shall be calculated as a flat rate of $ 2.45 per hour.  With 10% yearly increases.

3.017.16  The parties agree that any arbitration award shall be confirmed via the Supreme Court of the State of California, seated in its sovereign original capacity; as is permitted via 9

U.S.C. Sections 1, 2, 7, 9 and confirmed in *Henry Schein, Inc., v. Archer White Sales, Inc.* as decided by the Supreme Court of the United States of America on January 8, 2019.  That the court has no jurisdiction to consider any issues of arbitrability, as that is within the exclusive jurisdiction of the arbitrator.  They are only to confirm the award and issue an order of enforcement.  Should they fail to do as mandated by the FAA, the Claimant may under the power of attorney created via "the failure to act," portion of this agreement bind that body as a relationship exists and a legal duty is implied.  Failure to act is deemed performance.  Upon "the failure to act," provision of this section of the contract, that court grants general and durable power to issue any and all writs, orders necessary including bad behavior and misconduct charges against the defaulting justices.  Failure to act shall be construed the same as a "bad faith, double default," as such any and all notifications are deemed waived, to include objection contesting and/or evasion of duty; any POA shall carry full faith and credit.

3.017.17.  This performance contract is in compliance with the restatement (second) of contracts; the Federal Arbitration Act and the case rulings listed at 2.017.1 of this presentment.

3.017.18  The parties agree that this contract acknowledges that arbitration is an alternative administrative remedy provided for under Title 5 of the U.S. Code, known as the Administrative Procedures Act, APA; and that the Respondent(s) are bound by said provision and acknowledges the FAA as an adequate remedy for resolving any and all controversies arising here from; associated hereto or hereby.

3.017.19  There shall be no avenue of administrative review by any agency and/or department and/or organization, and/or association, except as prescribed herein and only in the manner so prescribed as is agreed by all parties.

## V. NOTICE TO AGENT

4.017.1.  The parties agree that a multi-faceted organization only requires notification of the principal.  In this case, we do place notice that the principal may not speak to respond enbanc but must provide a separate response for each individual entity as specified herein and hereby. The parties agree that a failure of one party to respond, belonging to the same principal agency; is a failure or default by the agency as a whole to respond as specified herein.  Please note that without the specified request for the extension of calendar days, within the time specified small amount to acquiescence, agreement to the terms in full, via performance and election under terms. The defaulting party agrees to provide full and complete medical care and access with no deductible at the expense (if the defaulting party is the CDCR or its affiliates).

4.017.2. The Custody Class and the Undersigned wish to resolve this matter as soon as possible but can only do so upon the official response by the agencies as specified herein.  It is necessary and required that the Respondent(s) take this matter seriously and not assume it will not be held liable and the terms binding should it elect to consent and perform under the terms as here agreed upon.  Finally the Respondent(s) agree to provide the following whether or not a default is recorded, documented, or noted as agreed herein and to do so immediately!

4.017.3.  To provide MP3 players and make T.V.'s in all facilities, whether state or inmate owned; accessible by FM frequency and headphone only access to reduce contention and shall provide three (3) state owned T.V.'s per pod/dorm/unit for access to those able to obtain MP3 players through canteen, that shall cost no more than $ 25.00; $ 40.00 and $ 50.00; headphone's $ 4.95, $ 10.00 and $ 15.95.  The T.V.'s owned by the state shall be two (2) English one (1) Spanish, under the same terms of state owned T.V.'s.

4.017.4.  To make all personal T.V's digital and FM frequency accessible.

4.017.5.  To add twelve (12) more channels to the current line up so that the total number available is 36, to include 3 cable news, TNT, TBS, USA, BET, ION, Disney Family, two (2) nature channels.

4.017.6.  The Respondent(s) further agree to open the common area of pod/dorm to new arrivals for one (1) hour for six (6) cells at a time beginning no earlier then 6:45 a.m. and ending no later than 9:45 p.m., alternating from cell to cell; so that no group is out at the same time during the month.  As it is agreed, that to place new arrivals in lock down is a punishment when not in an emergency is clearly documented.  No emergency shall be deemed legitimate if not supported by evidence of an event or issue that directly affects the area the emergency applied to.

4.017.7.  The canteen may contain other items that are deemed less healthy, however; the ratio shall be 60% healthy, 40% "junk food," permanently and the supply shall always be ordered and maintained in equal proportions.

## VI.  HABEAS CORPUS VIA ADMINISTRATIVE REMEDY

5.017.1.  All parties agree that all penal/correctional/jail/detention institutions fall under the executive branch of government and are administrative in nature, ergo each member of the custody class may avail themselves of the ADR process through the designative arbitration association noted above or at any other neutral arbitrator chosen solely by the Undersigned and the T.T.O.P.P. Organization shall be chosen to act in the stead should SAA no longer be available or capable of handling the specific matter for whatever reason they supply. Application for administrative habeas shall only be permitted by a class-member upon a showing of double default as defined herein.  The class-member shall provide proof of attempt to resolve the issue(s) through due process procedures and must present such information to the Undersigned, who shall verify communication's (the Undersigned may assign an alternate to act

as verifier in his stead) and upon confirmation, an arbitration hearing shall be scheduled upon application to SAA.  The arbitrator shall issue habeas corpus for the Claimant under the following criteria:

1.   That there is no violence documented by the inmate for a period of 400 days.  If 400 days has not elapsed due to total number of confinement days being less then, the inmate shall be granted a hearing but award if issued shall not apply or be enforceable until after the 200 days of non-violence documentation (non-violence does not include obvious attempts to manipulate this clause, or in one's self defense) This includes only acts of aggression physically.

2.   That the Respondent(s)was required to provide access to a significant service (religious, health/medical, remedy, service, due process right) and knowingly failed to do so after complaint.

3.   Failed to abide by the terms of this binding performance agreement as stipulated herein, in spirit and actuality.

5.017.2.  Administrative arbitration shall be construed in the following context, a person has the right to petition the government, and of its branches, to correct the wrong done, or for redress.  The executive branch may be petitioned administratively, it being the chief administrative agency.  The courts order a party to be held "Administratively" and require such a party to exhaust administrative remedies.  Arbitration is held and long recognized as an alternative administrative remedy and all of the parties to the agreement hereby consent and agree to the aforementioned understanding and that such understanding is irrevocable within the context of this agreement.

5.017.3.  The parties herein and hereby agree that arbitration is to be utilized as the exclusive remedy for determining habeas corpus and that such shall be as prescribed herein.

5.017.4.  The parties agree that a habeas petition to the arbitrator shall be paid at the expense of the administrative branch no later than 30 days of application and that failure to do so is a breach of care and equates to a waiver of any right to contest proceedings and/or outcome; that no matter the outcome, the parties are bound by the arbitrator's binding decision as agreed by the parties as expressed here in this binding performance contract, failure to abide and comply constitutes as a double default.

5.017.5.  If an application shall be denied by an arbitrator the inmate may re-apply only after 180 days, the second re-application after 400 days.  The time may be sooner only upon good cause and the applicant must indicate that they had applied previously failure to do so may result in a permanent ban.  Abuse of the process may result in restriction's to the process or a permanent band.

5.017.6.  If the arbitrator grants habeas corpus to any party, the order of the arbitrator automatically includes an expungement of record, to include any and all files, data bases and records, uniformly.

5.017.7.  There shall be no right of review by any agency or organization or court or tribunal of any award or administrative arbitration, as each and all parties hereby and herein waive right to such a process, option, avenue, and such waiver is irrevocable.

5.017.8.  The arbitrator (may include arbitration tribunal) shall have exclusive jurisdiction over any and all matters of arbitrability, habeas corpus application and processes; and any granting of habeas corpus by an arbitrator shall be enforceable in any and all jurisdictions as is necessary to assure uniformity.  The parties agree that the arbitration seal shall in such instance carry with it the full faith and credit of the state executive branch and shall be binding on all

parties to all its full intent and extension.  The party shall have complete immunity for all past offences.

5.017.9.  The arbitrator may also determine the extent of the full coverage medical access for each party class, to the extent the Respondent(s) fail to provide as mandated herein and apply the provisional as mandated to the extent provided for herein.

5.017.10.  The Respondent(s) further agree to maintain a temperature of 70 degrees in each cell/unit/dorm during the spring and fall and 60 degrees during the summer or when temperatures rise higher than 65 degrees and of 77 degrees or higher during the winter months. That if inmates are placed in an environment whereby the claim 'is too cold,' the staff shall place in a different environment and/or provide immediate means of warming the inmate so as to correct the problem.

5.017.11.  No inmate shall be utilized as a porter/orderly who has a history of drugs, violence, robbery or disciplinary infraction's (more than 2).  Nor to gather the belonging's of another inmate, nor to assist another inmate in transport if an inmate needs to be moved or relocates the Respondent(s) shall document chain in custody and of property.  If an inmate is in a wheelchair, the staff shall designate qualified staff to assist in transport and to carry proper liability insurance to cover damage or incident of reported damage.

5.017.12.  The Respondent(s) shall hire qualified professionals to train those in custody how to build solar panels, electric carts and batteries, laptop computers, tablets, cell phones, storage SD and micro SD cards, fiber optics, heating and cooling units, to the point of certification to house each group in separate units and to maintain an incentive program.  Those who excel to be paid at a rate of  $ 3.15 per hour, the beginning rate $ 2.15-2.75 per hour, depending on field and demand for skilled professionals.

5.017.13.  More than three assaults, reports of assault against or by a single officer, official, and/or staff member will result in termination and if person is granted the option of remaining, they shall be assigned a no-contact assignment for thirty-nine (39) months, a pay cut, half benefits and pension if either is applicable.

5.017.14  The hourly pay of security staff shall be at the same rate of federal detention and correctional officer's whichever is the greater and no less than $ 32.00 per hour.  With a 6% pay raise every 9 months, the pay of seasoned staff is more than $ 32.00 per hour are to receive a 12% pay increase, plus 6% pay raise every 9 months.  The security staff are to receive full coverage health care, to include dental, eye, and cosmetic, with only a 10% deductible.   There is to be a yearly physical, maintaining their health as directed by medical staff and provided the tools and equipment to accomplish this task.  The parties agree that these section's supersede any and all union agreements respecting the context and security staff collectively and jointly waive any and all rights related there to, as the issues outstanding has been resolved as a result thereby/herein.

5.017.15.  The director of the department does hereby agree to grant the authority as well as the power to enforce the provisions of this agreement through the Undersigned, his agent T.T.O.P.P. with those powers being forever generally irrevocable within the scope of this agreement in carrying out and fulfilling the Respondent(s) forsaken obligation.

5.017.16.  This agreement incorporates contacts numbers EEON-4501796-WCA163©; NKSPHC19000459© and NKSPHC19000474© a default having occurred in each and an acceptance of the contract either by official response and/or performance.  Each contract sent through the internal mail system and is deemed received and filed upon placing in the hands of the jail official.  See *Lopez v. U.S.*  The value of each award is agreed by all parties as

incorporated within this agreement and due to the allowance.  The Respondent(s) are extended (ten) 10 calendar days to run concurrent with this agreement; (ten) 10 calendar days (with no further extension option respecting incorporated contracts),  Please note that due to the refusal and failure of Respondent(s) to provide papers, certain forms were amended to complete contract with the clause " …the typed sections are not binding upon the Undersigned."

5.017.17.  It is further noted that all of the parties, the Governor, the Attorney General, the Director of Medical, the Director of the CDOC Staff, Agents, Officers, Officials, Assigns, Departments, Organizations, Assistants, Agencies, et al.  have consented and fully agreed to the terms and conditions as herein expressed.  The Undersigned and his party class also document their consent.

5.017.18.  Double default shall also encompass any and all attempts at delaying and/or denying medical treatment and/or coverage for any treatment requested/demanded and acknowledged under the ADA and/or this agreement.  Granting the denied party the right and election to apply to the arbitrator for an individual award in compliance with the terms and conditions of this agreement and the Respondent(s) agree to forfeit any and all bonds, securities, assets, and/or other property such as beneficiary rights of insurance policies associated with the Claimant and/or their account.  Double default shall also cover any failure of the Respondent(s) to create streamlined policies and procedures, such as utilizing medical universities to assist with medical procedures, to be performed under supervision of seasoned professional (tenor) providing insurance coverage for malpractice, which is to be processed in the event of an event, yet only through binding arbitration as agreed herein under the provisions specified.  The award shall be determined at two (2) times the policy amount, damages, cost, fee's, assessments, penalties, and life expectancy, et al…; and

5.017.19.  Double default shall further cover any issues of failure to correct, repair, to provide services, security, equipment as stated herein, to include the implementation of programs and this provision shall apply universally with respects to this agreement.

5.017.20.  On the issue of name change, any party within the State of California has the right to change their name upon election, without exception.  The department can and will acknowledge every certified (sealed) order for name change from any court of record and shall cause to have all files and records updated within ten (10) days of receipt thereof, without exception, all parties agree and shall comply with this and every other mandated provision of this agreement founded upon performance, self-executing upon receipt, binding to the extent specified upon each party, the contract of performance is coupled with an interest and shall forever be held as irrevocable.  This constitutes the final settlement and agreement between the parties.

5.017.21.  The accompanying documents (contracts noted above) are incorporated within the body of this agreement to the extent necessary and the agreement shall remain in force/effect as indicated herein to the extent indicated.  Notice, no special or undue attention shall be given to misspelled words and/or errors, this agreement shall always be construed contextually.


July 13, 2019                                    /s/ Eeon F.K.A. Brett Jones


(THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK AND SHALL REMAIN AS INDICATED HEREIN)

SAA-WB09C63DI-LZ7S8C9B62-KD7H2K9D

A165A-CDOC-001

## IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:

EEON F.K.A. BRETT JONES and
THE CUSTODY CLASS (TCC), ET AL.

CASE NO.:

SAACDOC-A165A-093019-MEM

CLAIMANT(S),

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION, OFFICE OF THE OMBUDSMAN,
ET AL;

CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION, OFFICE OF INTERNAL AFFAIRS,
ET AL;

JUDICIAL COUNCIL OF CALIFORNIA, ET AL;

*9 UNITED STATES CODES*
*§1, §2, AND §9*

ATTORNEY GENERAL XAVIER BECERRA
CALIFORNIA DEPARTMENT OF JUSTICE, ET AL;

OFFICE OF CALIFORNIA GOVERNOR
GOVERNOR GAVIN NEWSOM, ET AL;

*THE COMMON LAW*

OFFICE OF THE INSPECTOR GENERAL, ET AL;

ATTORNEY GENERAL WILLIAM BARR
UNITED STATES DEPARTMENT OF JUSTICE, ET AL;

SUPERIOR COURT OF CALIFORNIA
APPELLATE DIVISION – FELONY, ET AL

SEALED.

RESPONDENT(S).

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made

pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is

made any party to the arbitration may apply to the court so specified for an order confirming the award,

and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title (9 USC). If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:      Mark Moffett

Hearing Location:       Laurel, Mississippi

This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1.      This Arbitrator, contracted through SAA Limited, has Subject Matter Jurisdiction, SMJ, as acknowledged by 9 U.S. Codes Sections §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

A.      Claimant(s) Eeon F.K.A. Brett Jones And The Custody Class (TCC), Et Al is a citizen of the state of California; and,

B.      The Respondents known/named as

    1)      CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, OFFICE OF THE OMBUDSMAN, ET AL;

    2)      CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, OFFICE OF INTERNAL AFFAIRS, ET AL;

    3)      JUDICIAL COUNCIL OF CALIFORNIA,ET AL;

---

[1]July 30, 1947, Ch. 392, 61 Stat. 672.

4) ATTORNEY GENERAL XAVIER BECERRA CALIFORNIA DEPARTMENT OF JUSTICE, ET AL;

5) OFFICE OF CALIFORNIA GOVERNOR GAVIN NEWSOM, ET AL;

6) OFFICE OF THE INSPECTOR GENERAL, ET AL;

7) ATTORNEY GENERAL WILLIAM BARR, UNITED STATES DEPARTMENT OF JUSTICE, ET AL;

8) SUPERIOR COURT OF CALIFORNIA APPELLATE DIVISION – FELONY, ET AL

have entered into an agreement whereby they knowingly and intentionally agreed to the following;

a. Failure and or refusal to respond and provide the requested and necessary Proof of Claims shall be held and noted as agreed to by all parties.

b. A general response, a vague response, or a failure to respond with specifics and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure, and a deliberate and intentional refusal to respond.

c. The result will be an expression of the defaulting party's consent and agreement to said facts.

d. As a result of the self-executing agreement, a party's failure to respond in good faith, with specifics, facts, and conclusions of common-law to each and every averment, condition, and/or claim raised in the contractual agreement shall operate in favor of the Claimant, through "tacit acquiescence."

2. Mark Moffett; has been appointed to arbitrate the above referenced matter on behalf of SITCOMM Arbitration Association, to settle and resolve any and all disputes as contracted thereunder by arbitration under the authority of the Federal Arbitration Act.

A. An arbitration hearing was held on September 30, 2019, at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

B. This Arbitrator fully considered the Claimant's request for summary disposition and reviewed all

the evidence submitted in reference to Contract Item No.: **#EEON-74Z9P41-37NR42ZAFLQ©**;  its terms, promises, and obligations; as well as the facts presented in support during the arbitration of this controversy.

C.  On or about August 20, 2019, the Claimant entered into a written, irrevocable, binding contractual agreement with Respondents, which included an arbitration clause.  Both parties entered into a legally binding contractual relationship, and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present.

D.  Although Respondents are bound to the terms and obligations agreed upon and imposed on them, as of the time of the hearing, the Respondents have failed to respond to the Claimant's requests and notices, and this Arbitrator has found that the Respondents were not willing to participate in the hearing.

E.  Therefore, after careful consideration of the evidence presented[2], this Arbitrator finds as follows:

3.  The Claimant and Respondents, and their agent/representatives are consenting adults, having attained the age of their majority.  None of the Parties are minors, infants, delinquents, or decedents, and all parties are fully capable of entering into and negotiating contracts; and,

4.  None of the parties are known to be suffering from a mental disease and/or defect that would have prevented and/or interfered with its knowing and intentional entry into this binding contractual agreement; and,

5.  The arbitration hearing was held on September 30, 2019 at which time this Arbitrator reviewed all contractual agreements, notices, receipts, and other documentary evidence submitted by the parties in this matter; and

6.  This Arbitrator fully considered and granted the Claimant's request for summary disposition under terms of the contract made on August 5, 2019; and,

7.  This Arbitrator finds that the Respondents have failed to fully perform to the terms of the

---

[2] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

agreement, so that the Claimant is entitled to immediate and unconditional remedy as prescribed therein; and

8.  A prior relationship instigated by Respondents exists between the parties, and the Respondents had an obligation to respond to the reasonable requests and notices of the Claimant; and

9.  The Respondents failed to provide any proof that they have not received and/or been notified of the existence of the conditional contractual agreement, and any proofs of any prior claims they may have made , as well as their right to waiver; and

10.  The Respondents failed to respond to the conditional acceptance of contractual agreement mailed with proof  of service by the Claimant on August 20, 2019, which constitutes an act of "tacit acquiescence;" on their part; and

11.  The Respondents failure to respond and/or fully perform to the terms of the agreement resulted in this summary finding for immediate and unconditional remedy as prescribed and agreed to by Respondents.

12.      Absent any participation from Respondents, the Contract establishes the facts for this Arbitration award and the Respondents' failure to rebut or respond in any way, by rule, establishes the findings as a summary decision. This Performance Contract addresses some pertinent admissions, concessions, and findings by and between the Parties relative to this award, including but not limited to the following:

A.  Respondents must provide security for everyone deemed to be under or in their custody within their respective facilities; such security is to be effective via security cameras that are routinely monitored; and if one facility has such cameras being utilized for security purposes, a reasonable assumption would be that equal protection of law demands that they all do.

The receiving and release facilities under Respondents' jurisdiction and operations/control has monitoring equipment that is fully capable of documenting the arrival of all detainees, including the monitoring of all property seized and discarded by Respondents

without probable cause or due process of law as mandated by the 5th and 6th Amendments of the Constitution for the United States of America and the counterpart California Constitutional Guarantees.

B.  The Respondents, as defaulting party, agree to supply working cameras at all facilities (of 22x resolution or above), where persons are in detention/custody/confinement, et al.  Every area where an inmate happens to venture, is transported, is being held, detained and/or observed will have cameras that cover all angles and have audio and recording capabilities.  Appropriate logs shall be maintained and monitored by staff who shall be required to document every violation of right or policy viewed by monitored cameras.

C.  Each individual detainee housed in protective custody is due protection and should reasonably expect to be protected.

D.  Every person being held captive by Respondents is subject to officer misconduct when inmate-on-inmate violence occurs, and then everyone, including victims and by-standers, is punished by Respondents with a loss of access to 'services and privileges'.  Further, there appears to be a link between Officers and the inmate-to-inmate perpetrated violence so closely monitoring these incidents should lead to more equitable treatment.

E.  The Respondents agree to supply phone access for all new arrivals at any and all institutions.  This access shall within reason be unlimited same as it is at the main yard.  The Respondents shall also permit and allow pro-se parties to provide a list of three (3) contact persons allowed to send legal mail and correspondence, to be handled by persons who are not legal professionals (lawyers).  Further, the Respondents shall provide at least three (3) stamped envelopes plus nine (9) sheets of lined paper to each new arrival along with access to commissary upon arrival, with weekly visits to commissary (canteen) until limit amount is reached.  This shall be done immediately upon default as defined in the contract.

F.   Respondents' proper utilization of monitoring equipment in the pods, dorms, housing units and/or other areas of detention facilities should lead to the ability to isolate guilty parties when a disturbance occurs and properly direct disciplinary action thereby helping deter violence and improve morale among those held in detention.

G.   Seizure of special shoes worn by the Claimant and Claimant's medical documents upon arrival at Delano (Kern men's) State Prison was a violation of CDCR policy # 3193 and #3350, which further constitutes a denial of due process rights and a violation of the American Disabilities Act.  Moreover, the order issued to replace those shoes at prison expense further documents Respondents' acceptance of liability under CDCR § 3193(b).

H.   The right of the people to petition for redress of grievances may not be denied or rejected as implied and intended by Respondents under the CDCR's policy and procedures.

I.   Respondents' refusal of a detainee's repeated requests for access to one's own religious, legal and personal property with no valid reason is a fundamental violation of basic human rights and CDCR policy.

J.   The holding and/or detention of people as property held in trust by the State, CDCR, and other agencies, referred to in the contract as the Respondents, is considered a special relationship of trust, with an implied duty of care on part of the Respondents.

K.   In view of the assumption that duty officers have special training and awareness that each person in custody, especially those with disabling conditions, has a right to minimal sleep during certain regular hours, and in view of the fact that the U.S. Department of Justice has defined induced sleep deprivation as torture, a reasonable conclusion exists that Respondents regularly torture detainees by shining bright lights in their faces during regular sleeping hours.

L.   Respondents deliberately ignore legislation and special provisions/concerns

addressed by congress and state legislatures for safeguarding detainees which has resulted in numerous beatings/assaults/murders. [One example of this involves detainees, classified as "sex offenders" who during breaks and recreation time are left unsupervised in the recreation yard allowing other inmates to wail on the. In fact, much of the gang related violence is actually directed by supervisors who simply withdraw for a brief time so that victims are easy targets.]

M. Respondents admit that the food they are serving in facilities used for warehousing people is lacking in nutritional value, high in cholesterol, fat content, carbohydrates, and salt. In addition, denial of the right to eat a religious diet per one's free practice of a particular religion, as prescribed in holy books (Bible/Koran) is a denial of due process and a violation of policy when not supported thereby (general policy CDCR 3200). Respondents agree by their default to provide healthy foods that contribute to good health and longer life; to provide items that appeal to taste and culture, and items priced at only 15% above purchase price. The Respondents further agree to provide religious diets to all who seek, request, and ask, under the right to practice religion freely.

N. Respondents must also acquire products at the lowest possible price from vendors who maintain the same prices comparable to the brands (Dollar Tree, Inc.; Dollar General, Inc; 99 Cent only Store, Inc) when purchased by these companies in bulk; a list of at least 80 items to be made available through the Canteen/Commissary .

O. Respondents are denying Claimant basic treatment and management of pre-existing medical disabilities, including MS and Degenerative Disc Disease, both diagnosed and recognized under the ADA as having specific pain management protocols and accommodation. Respondents agree to provide all in custody access to natural/supplemental medication that provides the same function as the medication (chemically) prescribed, beginning on the day of default and continuing until expiration

ninety-nine (99) years as defined by the contract. Respondents further agree to provide full and complete medical care and access with no deductible.

       P.   Respondents labor under an outdated classification system whereby like offenses are housed together… (murder and homicide with attempted murder and homicide; armed with armed; violence with violence, non-violence with non-violence; etc.) with a documented history that the current system fosters riots, gang violence and the like.  Respondents are slow in correcting inherent problems which poses a current threat and danger to Claimant.

       Q.  Respondents rely on faulty internal procedures for self-governance and evaluation without objective checks and balances from external sources and fail to utilize surveillance equipment to its fullest potential when investigating internal incidents. Respondents currently give detainees no voice and refuse to hear their complaints leaving them defenseless against threats of violence. The Respondents shall hold each officer accused of assault under investigation via review of camera footage which shall be installed immediately upon default and all facilities shall remain on lock down during the install at the private institution. The units can be taken off lock down after installations are complete for that unit.  The entire system must be installed/completed within 280 days of default.

       R.   Identified areas of concern for staff development focus on:

          a.   Hiring qualified professionals to provide vocational training and special living arrangements for participants as an incentive.

          b.   Vetting of inmates so that none with a history of drugs, violence, robbery or disciplinary infraction's (more than 2) will be utilized as porter/orderly(s) for transport of inmates when being moved or relocated, especially those with mobility impairment.

          c.   Documenting chain of custody of persons and property.

          d.   Holding each officer accused of assault under investigation via review of camera footage.

      e.  Improving pay and benefits of security staff.

      f.  Oversight of health concerns for prison staff.

      g.  Providing the tools and equipment to accomplish this task.

    S.  The Respondents further agree that local calls shall be at a rate of five (.05) cents per minute and that long-distance calls shall be construed as U.S. local and at a rate of seven (.07) cents per minute.  Since the calls are subject to monitoring this equates to a maintenance charge, taxes and fee offset.  The parties agree that the law permits calls to be recorded by the institutions; however, it does not demand such, so the recording of a call is a choice on part of the agency.  Respondents agree that they shall foot-the-bill for providing such a non-mandatory service.  Even if a law made such mandatory, it would be a cost of doing business and forcing the inmate to pay would be an additional punishment and/or penalty; violating due process.

    T.  Respondents are prohibited from restricting phone access/calls, and non-compliance equates with bad faith double default, for which Respondents should be required to allow cell phone access to every inmate.  The first two (2) years' service will be provided for free with each subsequent year being charged/billed at $ 75.00 per year, pro-rated from trust fund account.

    U.  Director of the Department agrees by default to grant authority as well as the power to enforce provisions of this agreement through the Claimant and his agent T.T.O.P.P. with those powers being forever generally irrevocable within the scope of the agreement in carrying out and fulfilling the Respondents' forsaken obligations.

    V.  Respondents also agree that all of the proof of claims defaulted on shall be corrected so as to benefit the Claimant and his party class.

    W. The parties agree that any arbitration award shall be confirmed via the Supreme

A165A-CDOC-001

Court of the State of California seated in its sovereign original capacity.

      X.  The parties herein and hereby agree that arbitration is to be utilized as the exclusive remedy for determining habeas corpus and that a habeas petition to the arbitrator shall be paid at the expense of the administrative branch no later than 30 days of application with failure to do so being a breach of care that equates to a waiver of any right to contest proceedings. [More details concerning this provision are in the contract as reference.]

13.    With regard to the financial demands of the Contract, this Arbitrator notes and records the following:

    A.  Claimant has established the value and made his request for the amount of SIX HUNDRED MILLION U.S. Dollars (\$ 600,000,000.00).

    B.  The Contract repeatedly calls for Double Default provisions which is defined in the agreement as the party "agrees to liability and consents to the arbitration award, even if they fail to appear, an award is pending, or has yet to be requested and/or issued".

    **C.  This Arbitrator has determined that Claimant Eeon F.K.A. Brett Jones and The Custody Class (TCC) is eligible to recover a Summary Award, equivalent to the amount requested due to the existence of a valid contract under which the Respondents were obligated but failed to uphold, after agreeing to the terms which they ignored/refused to answer.  Moreover, per terms of the Contract, Respondents agree that Claimant Eeon F.K.A. Brett Jones and The Custody Class (TCC) should recover from all Respondents the sum total of …**

**SIX HUNDRED MILLION U.S. Dollars**

**(\$ 6000,000,000.00)**

14.     Recovery to be made from Respondents The State of California Department of Corrections,

CDOC: The State of California, it's Assigns, Agent's, Officers, Staff, Employee's, Contracting Agencies,

Sub-Contracting Agencies, Departments, Organizations, Et Al, named as

> i.     CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, OFFICE OF THE OMBUDSMAN, ET AL;
>
> ii.    CALIFORNIA DEPARTMENT OF CORRECTIONS AND EHABILITATION, OFFICE OF INTERNAL AFFAIRS, ET AL;
>
> iii.   JUDICIAL COUNCIL OF CALIFORNIA, ET AL;
>
> iv.    ATTORNEY GENERAL XAVIER BECERRA and CALIFORNIA DEPARTMENT OF JUSTICE, ET AL;
>
> v.     OFFICE OF CALIFORNIA GOVERNOR, GOVERNOR GAVIN NEWSOM, ET AL;
>
> vi.    OFFICE OF THE INSPECTOR GENERAL, ET AL;
>
> vii.   ATTORNEY GENERAL WILLIAM BARR UNITED STATES DEPARTMENT OF JUSTICE, ET AL;
>
> viii.  SUPERIOR COURT OF CALIFORNIA APPELLATE DIVISION – FELONY, ET AL

15.  Respondents have thirty (30) days from receipt of this Award to comply with the decision of this

Arbitrator.

16.  The contract states that any final and binding arbitration award may be confirmed in any United

States District Court, pursuant to Title 9 of the United States Code §9 and §13.  The Supreme Court has

explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant

confirmation in all cases, except when one of the 'prescribed' exceptions applies."[3] Even though the

Federal Arbitration Act (FAA), the Uniform Arbitration Act, and many state arbitration statutes allow

correction or modification for an evident miscalculation in the arbitrator's award [See, e.g., 9 U.S.C. §

11(a)], uniform consensus is that a court's right to vacate or modify an arbitration award is extremely

limited.  In fact, many state courts have held that an award can be corrected **_only_** for "miscalculations"

---

[3] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

that appear on "the face of the award" and for mathematical errors that are "patently clear."[4] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[5] Moreover, "an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[6]

17. Claimant Eeon F.K.A. Brett Jones And The Custody Class (TCC) may seek confirmation of this arbitration Award in a United States District Court. Confirmation of an award is generally nothing more than a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[7]

18. This Award is final and binding between the Claimant and the Respondents in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

---

[4] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998*); Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).

[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).

[6] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).

[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

SITCOMM ARBITRATION ASSOCIATION

SAA-WB09C63DI-LZ7S8C9B62-KD7H2K9D                                    A165A-CDOC-001

# NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:

## ORIGINAL:  CLAIMANT

Eeon F.K.A. Brett Jones and
The Custody Class (TCC)

## COPY:  RESPONDENTS:

California Department of Corrections and
Rehabilitation
Office of the Ombudsman
1515 S Street
Sacramento, California 95811

California Department of Corrections and
Rehabilitation
Office of Internal Affairs
P.O. Box 3009
Sacramento, California 95812

Judicial Council of California
455 Golden Gate Avenue
San Francisco, California 94102

Attorney General Xavier Becerra
California Department of Justice
P.O. Box 944255
Sacramento, California 94244-2550

Office of California Governor
Governor Gavin Newsom
1303 10th Street, Suite 1173
Sacramento, California 95814

Office of the Inspector General
10111 Old Placerville Road, Suite 110
Sacramento, California 95827

Attorney General William Barr
United States Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530

Superior Court of California
Appellate Division - Felony
240 Church Street
Salinas, California 93901

## SO, AWARDED.

Be it so this 30th day of September 2019.

Arbitration Hearing Conducted by:  Mark Moffett
Hearing Site:  Laurel, Mississippi

/S/ *Mark Moffett*

ARBITRATOR

IMPORTANT NOTICE:  Certification of services rendered.  The Original Arbitration Award is given to the Claimant to be retained as private property.  No Trespass.  Certified Copies of the Original can only be issued with permission of SITCOMM ARBITRATION ASSOCIATION.