UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EEON,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION - OFFICE OF INTERNAL AFFAIRS, et al.,<br><br>    Respondents. | Case No. 19-mc-80288-KAW<br><br>**ORDER DENYING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 1 |

On December 5, 2019, Petitioner Eeon, f.k.a. Brett Jones, filed a motion to confirm a $600 million arbitration award purportedly entered against various California and federal government entities and officials. (Pet.'s Mot. to Compel, Dkt. No. 1.) Petitioner is currently incarcerated at the California Institution for Men in Chino, California, and claims to represent an undefined class through the arbitration. (Buranich Decl. ¶ 3, Exh. A, Dkt. No. 2-1.) On January 8, 2020, the California Respondents filed an opposition, in which they requested that the Court vacate the arbitration award. (Cal. Opp'n at 8, Dkt. No. 2.) Having reviewed the filings, the Court DENIES Plaintiff's motion to confirm.

### I.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. Further, "the court must grant such an order unless the award is vacated, modified, or corrected . . . ." *Id.* Grounds for vacating an award include:

(1) where the award was procured by corruption, fraud, or undue

means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct . . . ; or

(4) where the arbitrators exceeded their power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

## II.　DISCUSSION

The Court finds that the purported arbitration award is not valid. First, there is no valid agreement to arbitrate. Instead, it appears that Petitioner sent a "Conditional Acceptance Performance Contract, Binding and Irrevocable, Coupled with an Interest," requesting information about various custody practices. (Contract at 1-5, Dkt. No. 1.) The "Contract" states that Sitcomm Arbitration Association ("Sitcomm") will have sole and exclusive jurisdiction over any controversies, disputes, claims, breaches, objections, and/or issues arising from the contract. (Contract at 7.)

Here, only one of the Respondents, the Office of the Inspector General ("OIG"), received the "Contract." (Cal. Opp'n at 4; Buranich Decl. ¶¶ 4-9.) OIG staff responded on September 16, 2019, advising Petitioner that he should attempt to resolve any issues with the California Department of Corrections and Rehabilitation. (Buranich Decl., Exh. G.) The September 16, 2019 response did not accept the arbitration agreement, and there is no evidence that any entity on behalf of Respondents accepted the arbitration agreement. To the extent that Petitioner is suggesting that Respondents accepted the arbitration agreement through silence, "the theory that silence and inaction would constitute an acceptance[] has been consistently rejected by the courts." *Sorg v. Fred Weisz & Assocs.*, 14 Cal. App. 3d 78, 81 (1970).

Second, the Court finds that the invalid arbitration award by Sitcomm must be vacated. Multiple "courts around the country have expressed doubts regarding [Sitcomm]'s validity." *Meekins v. Lakeview Loan Servicing, LLC*, Civil No. 3:19cv501 (DJN), 2019 WL 7340300, at *3 (E.D. Va. Dec. 30, 2019); *see also Kalmowitz v. Fed. Home Mortg. Corp.*, Civil Action No. 6:19-MC-00010-JCB-JDL, 2019 WL 624928, at *2 (E.D. Tex. Oct. 22, 2019) ("Sitcomm does not

2

appear to be a valid entity of arbitration.").[1]  In each of those cases, the courts noted that the so-called arbitration awards were "devoid of any specific fact-finding" and "d[id] not appear to have any meritorious basis in fact or law."  *U.S. Bank Nat'l Ass'n v. Nichols*, Case No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *3 (N.D. Okla. Sept. 10, 2019); *Kalmowitz*, 2019 WL 624928, at *2; *see also Meekins*, 2019 WL 7340300, at *3.  Quite accurately, one court went so far as to characterize Sitcomm's award as "a bizarre jumble of inconsistent, nonsensical word salad" and "uninformative blatherskite."  *Nichols*, 2019 WL 4276995, at *3.  Yet another court has suggested, in a case involving a Sitcomm award, that "the purported arbitration award, hearing, and arbitrator are parts of a larger fraudulent enterprise."  *Brown v. Ally Fin. Inc.*, Civil Action No. 2:18-cv-70-KS-MTP, 2019 WL 6718672, at *3 n.1 (S.D. Miss. Dec. 10, 2019).

As in those cases, here, the "arbitration award" lacks any fact-finding, instead apparently concluding that the Respondents' failure to respond constitute "consent and agreement" to facts stated in the "Contract."  (Sitcomm Award at 3, 5, Dkt. No. 1.)  The award further states that Respondents' failure to respond also constituted "tacit acquiescence," citing no authority in support.  (*Id.* at 5.)  The award ultimately concludes that Petitioner and the unknown class were entitled to a "Summary Award, equivalent to the amount requested due to the existence of a valid contract under which the Respondents were obligated but failed to uphold, after agreeing to the

---

[1] Sitcomm's "About Us" page states:

> We are small group of individuals who have come together with our unique skills and history to help those who seek to resolve their contractual disputes and other matters in a peaceful setting.
>
> Our goal in [sic] our aim is to help individuals reduce the burden on government, their courts, and their other administrative agencies. One way we do this is by helping the consumer with a preformatted generalize [sic] contract that includes all of the elements necessary for enforcement.
>
> As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship.

SITCOMM ARBITRATION ASSOCIATION, ABOUT US, https://saalimited.com/More%20about%20us.html (last visited Jan. 15, 2020).

3

terms which they ignored/refused to answer." (*Id.* at 11 (all bold omitted).) The award also contains curious terms such as ordering that the parties "agree that arbitration is to be utilized as the exclusive remedy for determining habeas corpus and that a habeas petition to the arbitrator shall be paid at the expense of the administrative branch no later than 30 days of application with failure to do so being a breach of care that equates to a waiver of any right to contest proceedings." (*Id.*) These terms are, indeed, nonsensical.

Accordingly, the Court vacates the "arbitration award." *See Meekins*, 2019 WL 7340300, at *4 (vacating the arbitration award issued by Sitcomm because it "has no legal validity and could only have been the product of undue means"); *Kalmowitz*, 2019 WL 6249298, at *2 (vacating the arbitration award issued by Sitcomm on the basis of procurement through fraud because the award did not "have any meritorious basis in fact or law, and Sitcomm does not appear to be a valid entity of arbitration").

### III. CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's motion to confirm the arbitration award, and VACATES the arbitration award.

IT IS SO ORDERED.

Dated: January 17, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge