FILED

JAN 31 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE FEDERAL DISTRICT COURT OF CALIFORNIA
IN AND FOR THE UNITED STATES OF AMERICA

"EEON" F.K.A. BRETT JONES, and
THE CUSTODY CLASS, ET AL.,

        PETITIONER(S),

v.

CALIFORNIA DEPARTMENT, ET AL.,

        RESPONDENT(S).

CA. 4:19-MC-80288-KAW

MOTION TO STRIKE

## Motion to Strike

1. The Attorney General, acting as the Representative for the State of California Department of Corrections and Rehabilitations, the California Governor Gavin Newsom and the California Office of the Inspector General, have failed to stay with the limits of the Federal Arbitration Act (Hereinafter "F.A.A.") § 9, 10 & 11.

2. A motion to vacate an arbitration award is governed solely by the F.A.A. (U.S.C. 9 § 1-16) and the Attorney General has knowledge that "The Act (F.A.A.) requires the parties and the court to follow the Act as written'" (Schein, 586 US ___ (2019); AT&T Communications, 475 US 643, 649-650).

3. The Act provides that an award may only be vacated on the following "Grounds:"

a. Fraud – Proved by all the elements, which no proof, no evidence, just presumption, whereby Respondent(s) challenging have the burden to prove the alleged claim.

b. Misconduct of Arbitrator. Respondent(s) do not challenge the Arbitrator's conduct, just some claim of an Association being invalid under the Federal Arbitration Act. We must note that although a state's Act may define what qualifies as an arbitration association,

the F.A.A. supersedes in the instant matter. We further note that the Securities Investment Trust Commission (SITCOMM) Arbitration Association only served in the capacity of selecting an independent neutral as stipulated by the agreement. It did not have any authority nor did it lend to the Arbitrator's review, evaluation of evidence and/or final determination.

4. The Attorney General is "learned," and as such he realized that "a unilateral contract" is defined as "a contract that does not require mutuality of obligation," Roger, 111 F.3d 730, 1977 U.S. App. Lexis 7582 (1997) U.S. App. Lexis 1)) D.C. No. Cv. 94-01399-ROS. "A unilateral (performance/conduct) contract is a promise made by one party in exchange for an expected act (in this instance under right to petition, the right to redress, CDCR's Policies, the prior contract between the parties, the Administrative Procedures Act (5 U.S.C.), grievance procedures and due process of law, the Respondent(s) had a duty to respond)) or forbearance, which the other party subsequently does or forbears to do, with knowledge (terms of agreement) of promise'" See: Davis, 1 Cal.2d 370, 378, 34 P.2d. 1026 (1934). That "A unilateral contract is described in terms of offer and acceptance, the promise is an offer, which the other may accept by doing or forbearing to do, a specified act.'" ASMUS, 23 Cal. 4th 1, 14-15, 96 Cal. Rptr2d. 179, 999 P.2d 71 (2000); *Newberger*, 104 Cal. Rptr 683.

5. The aforementioned are fundamental to the State of California, the Restatement (Second) of Contracts, (California Procedure Guide for Civil Actions. See: section [3] offer [a] definition: "A contract is created by a proposal or offer by one party and an acceptance by another (Tuso, 194 Cal. 574-581, 229 P. 327 (1924). An offer is a promise that is in its terms conditional (conditional acceptance of offer notification) on an act, forbearance or return promise to be given in exchange for the promise or its forbearance. [Restatement of Contracts § 24]. [b]

- Requirement: The offer must reach the offeree – (The court noted in *Gateway* (105 F.3d 1147-1149 (7th Cir 1997) that "the hills admitted to receiving the form contract, but failed to read it…Where a letter properly addressed and mailed, there's a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 286 US 427, 430, 76 L.Ed 861, 52 S.Ct. 417 (1932). "The court must presume that a letter properly addressed was received," *Godfrey*, 997 F.2d. 335, 338 (7th Cir. 1993))).

### I. INVALID CAPTION

6. In a matter that involved the Presenter, "Eeon" the U.S. Federal District Court out of Los Angeles dismissed a proper suit for invalid caption. The presenter was pro-se/sui juris, the court was required to liberally construe.

7. In this instance, the Attorney General has altered the caption, omitting "The Custody Class," yet this "learned" student presumed expert, was aware of the Custody Class, for note the reference to the Class; Page 3 Line 13-17

8. The Attorney General representing the referenced Respondent(s) seems to omit "The Custody Class," a legal fiction, a "Persona facto," a "Juristic person," all for the sake that "The Federal Arbitration Act," requires an arbitration clause or contract to approve/certify a class and it (they) have knowledge of this class now wishes to imagine "an exception" not covered by the Act as written, in creating a restrictive limitation by engrafting.

9. The Attorney General committed fraud upon the court by attempting to suggest that no party was ever served a copy of the contract – Note: "Here, there is no evidence in the moving papers that any Respondent was ever provided with the purported contract…Fail to demonstrate that the "contract was ever mailed to anyone." (Page 3 Lines 26-28 through Page 4 Lines 5-6).

...

xxx

10. Also, without missing a line of thought, Line 7 of Page 4 reads:

"The Responding party concede, however; that one of them received a copy of the purported "contract."

11. The contract "the offeree manifest assent by performance offer is irrevocable for stated time," cf. *Lazaron*, 188 Tenn. 145, 217 S.W.2d 11 (1949).

12. "While (Respondents) may have been "completely unaware" of the arbitration provision, this fact is of little help to him. It is well established under California law that "a party cannot avoid the terms of a contract by failing to read them. *Knuston*, 771 F.3d at 567; *Specht v. Netscape Commc'ns Corp.* 366 F.3d 17, 31 (2d Cir 2002). "Explainig that under California law "Receipt of a physical document {2015 US Dist. Lexis 16} containing contract terms or notice thereof is frequently deemed, in the world of paper transactions, a sufficient circumstance to place the offeree on inquiry notice of those terms" *Murphy v. Direct T.V. Inc.* No. 2:07-CV-064565-JHN, 2011 U.S. Dist. Lexis 87625, 2011 W.L. 3319524, at 2 (C.D. Cal. 2011), agreeing that "competent adults are bound by [agreements], read or unread." *Affa*, 724 F.3d 1218, 1225 n.4 (9th Cir. 2013).

## II.   OPT-OUT PERIOD

13. The Respondent(s) had ten (10) calendar days (an additional ten (10) calendar days if the request was timely received) to opt out, by mail. No evidence is noted as to any such request being made as stipulated by Respondent(s).

14. The Respondent(s), each represented by competent counsel; have admitted responding with a general response 18 days after receipt of the "physical document containing the contract." Although eight (8) calendar days beyond the statute of limitations (Received September 24,

2019) it did not serve as a proper response as agreed. This was a general response as defined by the contract.

### III.   CAVEAT

2.17.1 By law (contract law) the parties have a prior relationship and are answerable to the other (CDCR policy, 1st Amendment Right to Redress, Petition, to Due Process, Admin. Pro. Act). As such, the aforementioned Proof of Claims qualifies as mandatory redress questions requiring communication and a response. It is agreed by all parties associated with this agreement, which constitutes performance to liability and consents to an arbitration award..."

15. The Attorney General has not met the burden as prescribed by the F.A.A. if fraud is claimed, it must be proven. First to note is, the Claimant's communicated with the Respondent(s) who documented a duty of Respondent(s) to respond.

> "OIG responded on September 16, 2019 advising Jones that he should attempt to resolve any issue's with the California Department of Corrections and Rehabilitation (CDCR) through formal administrative processes provided by CDCR" (Page 4 Lines 11-14).

16. Documenting "Formal Administrative Process," i.e.: prior relationship. "The Clearfield Doctrine waives sovereign immunity," as commercial business engaging documents is a waiver of immunity. The contract is a commercial/commerce document with an arbitration clause (Note: all government involved F.A.A. applied contracts documents a waiver of sovereign immunity due to the fact that the F.A.A. only applies to contracts that involve commerce, 9 U.S.C. § 1, 2). The Administrative Procedures Act is now inapplicable upon realizing this point. The Respondent(s) choose to reject the contract beyond the period specified, only after performing under the terms of the agreement, ergo – assent/consent/conduct.

17. The Respondent(s) are time-barred. They elected not to raise concerns at the arbitration electronic hearing: "OIG will not participate in any purported arbitration proceedings" (Page 4, Line 21).

18. The Respondent(s) were aware that failure to attend the arbitration hearing (electronic, so no claim of unavailability, or travel expenses), constitutes a waiver of right to contest the award. Note: Respondent(s) document receiving a copy of the contract, Notice of Arbitration Hearing, Bill from Process Server, only to claim, "that any Respondent was ever provided with the purported contract...that the "contract" was ever actually mailed to anyone.'" It was proof of bad faith and intent.

19. Further note, the maxim "Notice to Agent is Notice to Principal." The contract, "Section V. Notice to Agent 4017.1. Parties agree that multi-faceted organizations only require notification of the principal...the principal must not speak to respond enbanc but must provide a separate response for each individual entity as specified herein and hereby" (Page 12 of 19 of contract).

20. The Arbitrator determined that the contract as a whole was "valid," "binding," "enforceable," and "irrevocable" as defined by the agreement and the F.A.A. The Attorney General will claim that such a clause is invalid, as the Attorney General or other representative of a "multi-faceted organization," must be served individually. Again, the Attorney General who states that "no other Respondent did, and no Respondent other than the OIG was ever provided with any other documents" (Page 4, Lines 27-28) does not overcome the Proof of Service Declaration.

21. The Attorney General responded on behalf of the Respondent(s) to the filing of this matter. Instead of the Attorney General responding on behalf of the OIG only, the only party

claimed by the Attorney General to have been served, the Attorney General first documented each party Respondent he represents through deputy, states "labeled as "Respondent(s)" in the moving papers, oppose the motion to confirm..." He documented service by responding, not to the parties he claims were never served but for each party Respondent listed (See: Page 1, Lines 22, 28; Page 2, Lines 1, 2).

22. The proper course of action would have been to respond for only the party who alleged they were properly served and request dismissal of those who alleged were not properly served.

23. The United States Postal Service requires a party to go to their http://www.usps.com location to obtain a proof of delivery of tracking numbers as a disclaimer appears on the web site. None of the exhibits presented by the Attorney General are confirmed copies. Each appear to be altered, self-serving and a challenge is hereby made.

IV.   **JURISDICTION ACKNOWLEDGED:**

24. The Attorney General highlights that the jurisdiction for this matter is the Federal Arbitration Act, (Note: Section C. The court should vacate the arbitration award under the Federal Arbitration Act...The Federal Arbitration Act permits courts to vacate arbitration awards under particular statutory grounds...9 U.S.C. § 10 (Attorney General response).

25. Many would assume that the rules of court or other statutory provisions not listed in 9 U.S.C. § 9-11 gives a court jurisdiction. Yet, the Supreme Court in Archer highlighted that "We must (follow) interpret the Act as written and the Act in turn requires that we interpret the contract as written."

26. The Federal Arbitration Act does not permit the Attorney General to challenge the contract as a whole, when it delegates such authority exclusively to the Arbitrator. Ibid. The

Attorney General appears to claim no contract exists and that even if it did exist, it was without an arbitration clause, 'after conceding it received the contract.'

27. The performance (compel/conduct) contract are cognizable at law and a prior agreement/relationship exists by operation of law (commitment, state constitution, statute).

28. According to the F.A.A., the proper time for such claims, is not after the arbitration hearing if one has an opportunity to attend via notice, which was the case here; but during such a hearing. So, after failing to defend itself during an alternative dispute resolution hearing – for they gave advise to resolve issues through the Administrative Processes and here documenting knowledge of 9 U.S.C. § 1-16, even advising the court regarding 9 U.S.C. § 10, it can not now after agreeing by performance/conduct, not silence, of being estopped, make an attempt to circumvent the arbitration process, equity does not permit such conduct.

"Had the Respondent(s) availed themselves of the opt-out (provisions) procedure [U.S. 2015 Dist. Lexis 18] there would have been no penalty."

"The Arbitration Clause was not contained in a document who's contractual nature was/is not obvious." *Windsor Mills*, 25 Cal. App. 3d at 933.

29. Plaintiff's (Respondent(s) at present) failure to avail himself of the opt-out procedure adequately establishes (via failure to act) his assent to the arbitration provision… California law recognizes that "Acceptance of contract terms maybe implied through (performance/conduct as is the case at present and not silence solely) action or inaction." *Knutson*, 771 F.3d at 565; *Carnival*, 499 U.S. 585, 593-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Paychex, Inc.*, No. 5:15-cv. 01055-EJO, 2015 US Dist. Lexis 94974, 2015 WL 4452373 at 3 (N.D. Cal. 2015).

30. That "Acceptance of an Offer, "Moreover," may be inferred from inaction in the face of a duty to act (such as the implied duty of government to redress, the Respondent(s) to provide

medical, security, access to the courts, to not retaliate, cause harm...) ... and retention of the benefit offered." *Golden*, 20 Cal. App. 121 4th 1372, 1386, 25 Cal. Rptr. 2d 242 (1993).

## V. CONCLUSION

31. The court is being presented "word soup," as there is no provision for the court to determine what is not authorized by the F.A.A., as the Supreme Court has supported the delegating of such authority exclusively to the Arbitrator (See: 3.017.1-5.017.21).

32. The court is asked to add "exceptions to the F.A.A." such as class designation as in civil litigation. 9 U.S.C. § 3 documents that the F.A.A. is not litigation, therefore rules governing do not apply to the Act as written.

33. The Attorney General asked the court to assume that "et al" is somehow not cognizant by the court, please note:

"The final persons or entities seeking a portion of the... award are identified simply as, "et al...,"

Note: the caption of the Attorney General's filing lists these very same "final persons ... (of whom) it is difficult to see how the court could... to any vaguely defined party..." after it's named parties.

34. Yes, the Attorney General, through irrelevant arguments, that do not document an exception as defined by 9 U.S.C. § 9-11 and the baseless claim that an "et al," party has been separately awarded anything is a wonder our justice system is in the state it exist at present.

34. We have the Respondent(s) admitting to being notified of performance contract. We have the Respondent(s) admitting to being notified of arbitration hearing and refusing to ask for extension is grounds to vacate award), they waive their right to contest award by refusing to attend hearing by appearing electronically. See: *Jiangsu Changlong Chem. Co., Inc., v.*

*Burlington Bio Medical & Science Corp.*, 399 F.Supp.2d 165, 168 – which set the principle standard for federal arbitration hearing notification; "Notice reasonable calculated" to inform of proceedings and an opportunity to be heard," on this point obligation met, claim by Attorney General negated.

36. Consistent with this standard, the courts have continually held "Claimant provided Respondent(s) with the opportunity to participate (electronically) in the arbitration in a meaningful manner and the Respondent simply chose (as admitted into the record) not to participate in the arbitration proceedings." *Tiajin Port Free*, at 4.

37. The court must not act contrary to equity, the Federal Arbitration Act, or the parties agreement. That courts have been presented contracts with an arbitration clause and those courts have made decisions of arbitrability or have acted on challenges to contracts as aa whole, has been out lawed. The United States Congress and the Supreme Court has unanimously held that the courts have no business doing so.

38. This matter is to be determined on its own merits, by arbitrator as it is with specific Respondent(s) involving unilateral performance contracts which satisfies all vital elements of a contract as determined by the arbitrator, the Arbitrator has made a determination respecting arbitrability, validly of the contract, whether or not he parties were properly notified, Respondent(s) were given an opportunity to communicate with the Arbitrator and made the choice not to. The Arbitrator has the same standing as a judge, the avenue for Respondent(s) is not during confirmation as intended via 9 U.S.C. § 16 "Appeals." However, 9 U.S.C. § 9 states "the court must confirm," "must grant." Fraud has not been proven as claim of no notice is later rebutted by the Respondent(s) "We admit we were served, but we decided to ignore any

purported obligation. We were notified of arbitration hearing, but we chose not to participated under any circumstances."

39. The Respondent(s) should've said, "the law allows us to ask for an extension, if we truly believe that fraud exists, lets go and get an injunction from the courts to stop this all together."

40. The reason why these attorney's do not speak up early, is they rely on the "hostility of the courts towards arbitration." However, the Supreme Court has stated that the Act (F.A.A.) was created to over come the courts refusal to "grant award." None of the "exceptions" contained in 9 U.S.C. § 10, 11 exist, has been proved and the court must strike the motion presented by the Respondent(s) through the Attorney General and its deputy.

## VI.   CEASE & DESIST NOTICE

41. The estoppel clause prohibits the Respondent(s) from challenging, contesting, arguing, or contesting after a default has been documented. Respondent(s), and if assisted by a third (3rd) party; are hereby ordered to cease and desist from all such conduct, as such is deemed "bad faith" under the double default clause of the Agreement and I hereby place you formally on notice. You agreed to the performance contract by your acquiescence in willfully forfeiting, responding with a general response. The Respondent(s) have failed to supply the requested and necessary information, failed to act, failed to perform, and each is cognizable as assent under California law, federal law, the law of contracts and the Federal Arbitration Act.

42. The Attorney General is treating this as if it is a litigation, as noted the distinction is the purpose of the F.A.A. and the statutory intent. 9 U.S.C. § 3 speaks of staying a non-arbitration related litigation, in a court; of how litigation is stayed pending, that the parties opt-out of litigation when under the provision of the F.A.A.

. The Supreme Court of the United States has been stating this for years and because they cannot give advice per ethical principles, they stated:

> "We must interpret the Act as written...A court may not override the contract... the court possesses no power... Even if the court thinks... We have held that a court may not "Rule on the potential merits... Claim that is assigned by contract to an arbitrator... A court has no business weighing the merits... that a court... must compel arbitration in accordance with the terms of the agreement... This court has held that the parties (not the court) may delegate threshold questions to the arbitrator... and if agreement delegates the arbitrability issue to an arbitrator, a court may not (cannot, shall not, must not, not delegated authority to) decide the arbitrability issue." *Henry Schein, Inc., v. Archer & White Sales Inc.* 586 US ___ (2019) (quoting from: *First Options*, 514 US 944; *Rent-A-Center, West*, 561 US 69, N.1; *AT&T*, 475 US 643, 648-650; *Steelworkers*, 363 US 564, 568; and 9 U.S.C. § 1, 2, and 9.

Each of the invented "exception(s) is inconsistent with the statutory text and with our precedent... A court must respect the party's decision as embodied in the contract."

43. Do you all not see what they are doing? When the courts feel that it will give one a leg up they create an "exception to the rule/arbitration. When the case involves trade, securities, or "white collar stuff," they rule like they did in Archer, making it appear that the decision only applies to like cases. Archer was about a party asking that "Injunctive relief" be granted because the contract stated that several issues were not to be arbitrated. So why did the Supreme Court state that the parties had to arbitrate when the contract clearly stated that the matter was not arbitral? Note their ruling:

> "Under our cases, courts "should not assume that parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." First Options, 514 US at 944. On remand, the court of appeals may address that issue in the first instance..." Id.

44. Do you see eight (8) pages of text to state so little or not? Yes, the Supreme Court of the United States was dealing with the power of the court, the authority of arbitration. The first

instance should have been the only issue. Could the court order a party to arbitrate (compel performance) when the contract clearly did not delegate such authority to an arbitrator? Now the party, Archer & White Sales, Inc., did not stop there; they proceeded to open a door for each party "who seeks arbitration rather than a court to resolve their private disputes." They "argued that the dispute was not subject to arbitration because the complaint sought injunctive relief..."

45. There you have it, the Supreme Court decided that "a request for injunctive relief or sanctions, or declaratory relief, by a party who is also a party to a contract with an arbitration and commerce clause is not the courts business when the parties have delegated such to the sole jurisdiction of the arbitrator." Injunctive relief is not a remedial provision of the F.A.A. under 9 U.S.C. § 9, 10 or 11. All disputes are to be determined by the Arbitrator. Here, the contract between the parties is explicit, the Arbitrator has the sole jurisdiction over deciding any and all disputes between the parties.

46. As stated, the Attorney General, the governor, the CDCR, the OIG, the Ombudsman, and the California entities, have waived immunity. They are, by their failure to act, to contest arbitration award within ninety (90) days of service; in default per the arbitration section of the contract, the above referenced parties agreed to being estopped from bringing any claim against S.A.A. the Arbitrator. "That party by doing so agrees to liability and consents to arbitration award...that the agreement is not subject to judicial review" (See: Section 3.017.11).

47. Ignorance of the law, of the contractual provisions of the federal Arbitration Act, the deliberate failure to respond, to participate in arbitration, refusal to timely reject the agreement, refusal to challenge the award within the statute of limitations, is wrong. "equity cannot suffer a wrongdoer," yet the Attorney General has chosen not to defend itself, instead attempts to shift the burden in an attempt to avoid further admitting liability.

48. Then there is the attack, the slander of the arbitration process, the claims of non-receipt, of non-service of process, only to demonstrate receipt. Than to distract by claiming that one was relying on silence alone, absent assent through "A duty to respond," "performance, conduct, action or inaction," validating contractual promises between the parties, is again an effort to claim that this conduct is not evidence of bad faith.

49. To state, "We never received the contract, we had no knowledge of agreement," then to state, "Ooops, we lied, one party (all of them) received a copy of the contract and we responded three (3) times finally rejecting the contract eighteen (18) or so calendar days after receipt despite the ten (10) calendar days (plus an additional ten (10) calendar days if requested timely in writing, there is not one claim that any extensions have ever been requested), the Respondent(s) intentionally defaulted. The Arbitrator only determined that they were served a copy of the performance (conduct) contract and defaulted.

50. It shall be noted that the Superior Court of (Monterey County) California, the Judicial Council (for the State) of California, are both in default. We present this our Notice to the court of their non-governmental capacity, privately registered corporations as agreed by the agreement. This is a matter at commerce, neither the Respondent(s) whom are represented by the Attorney General can claim immunity from liability as the application of the F.A.A.'s (commerce jurisdiction) brings forth the "Clearfield Doctrine," which documents the fundamental waiving of sovereign immunity and that such is willful, deliberate and intentional.

51. These facts and the requirements of the F.A.A. hold that based upon the evidence presented, the Respondent(s) have not proved by factual elements of fraud, that any fraud occurred to a level covered by 9 U.S.C. § 10, 11. There is no obvious miscalculation, as the parties agreed that $ 600,000,000.00 was reasonable, the same as recent cases have parties

agreeing to $ 23 Billion, $ 2.3 Billion, $ 256 Million, $ 500,000.00, $ 500,000,000.00 settlements. The contract was workable, doable and during the past 152 days, the Respondent(s) waited until the 143rd day to raise an issue, as such are time barred which precludes such a belated objection.

52. The court has no jurisdiction to find misconduct on the part of the Arbitrator, as there is and continues to be no claim of misconduct by the Arbitrator, who by the issuance of the award, followed the arbitrational authority agreed upon by the parties and is governed by arbitral immunity.

53. "The court must act only within the jurisdiction mapped out for it in statute, in this instance Congress, the President and the Supreme Court." The Act which does not provide for back-end judicial review of an Arbitrator's decision, if an Arbitrator has "exceeded" his or her "powers" – supports the conclusion that the courts at the front end should also be able to say that the underlying issue is not arbitrable, is inconsistent with the way Congress designed the Act… This Court may not engraft its own exceptions onto the statutory test." Ibid.

54. The motion presented by the Attorney General failed to state a claim under 9 U.S.C. § 9, 10 & 11 whereby this Court could grant the Respondent(s) factually deficient, elementally lacking claim for relief, the proper forum is 9 U.S.C. § 16 or to have petitioned the Arbitrator.

55. The foregoing is submitted on this 25th day of January 2020 is true, correct and accurate to the best of my knowledge so help me God.

_____
Eeon f.k.a. Brett Jones

## ALL-PURPOSE PROOF OF SERVICE

I, <u>Eeon f.k.a. Brett Jones</u>, being at or above the age of 18, of the majority and a citizen of the United States of America, did mail the document entitled:

MOTION TO STRIKE and

EXHIBIT LIST

by placing it in an envelope addressed to: Name and address:

United States District Court
Northern District of California
1301 Clay Street, Suite 400S
Oakland, California 94612-5212            USPS Tracking Number 9405511699000604695117

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day January 25, 2020.

/s/ *Eeon* f.k.a. *Brett Jones*