# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530



FILED
FEB 20 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Plaintiff: **EEON FKA BRETT JONES, ET AL.**

vs.

Civil Action No. **19-mc-80288-KAW**

Defendant: **CDCR, ET AL.**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this __14__ day of __February__ 20__20__, that

__EEON FKA BRETT JONES__

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this court entered on the __17__ day of __January__, 20__20__, in favor of __Defendant California Department of Corrections and Rehabilitation, Et Al.__

against said __Plaintiff Eeon fka Brett Jones__

Attorney/Pro Se Party Signature: _____

Name: Eeon fka Brett Jones

Address: 304 S. Jones Blvd Ste 1967

Las Vegas, Nevada 89107

Telephone: (___) _____

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

1  Eeon fka Brett Jones
   304 S. Jones Blvd Ste 1967
2  Las Vegas, Nevada 89107

**ALL PURPOSE PROOF OF SERVICE**

| | |
|---|---|
| EEON FKA BRETT JONES, ET AL., | U.S.D.C. Case No.: 19-mc-80288-KAW |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, ET AL., | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I, <u>Eeon fka Brett Jones</u>, being above the age of 18, of the majority and a citizen of the United States of America, do hereby certify that the document(s) entitled:

a. Civil Notice of Appeal,
b. Civil Docketing Statement,
c. Order Denying Motion to Confirm Arbitration Award; and
d. Money Order for Filing Fee in the amount of $ 505.00.

I SERVED, as true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the entity(ies) hereinafter listed, by depositing said envelope(s) in the U.S. Mail on this 14th day of February 2020.

United States District Court
Northern District of California
1301 Clay Street, Suite 400S
Oakland, CA 94612-5212

U.S.P.S. Tracking #: 9405511699000659799198

United States District Court for the
District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001-2666

U.S.P.S. Tracking #: 9405511699000659795657

/s/ Eeon fka Brett Jones

CERTIFICATE OF SERVICE - 1

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## CIVIL DOCKETING STATEMENT

All Cases Other than Administrative Agency Cases (To be completed by appellant)

1. CASE NO. _____   2. DATE DOCKETED: _____
3. CASE NAME (lead parties only) EEON fka Brett Jones, Et Al   v.   California Department of Corrections, Et Al.
4. TYPE OF CASE:   ☐ District Ct -   ⊙ US Civil   ○ Private Civil   ○ Criminal   ○ Bankruptcy
   ☐ Bankruptcy - if direct from Bankruptcy Court   ☐ Original proceeding
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?   ○ Yes   ⊙ No
   If YES, cite statute _____
6. CASE INFORMATION:
   a. District Court Docket No.
      Civil Action  19-mc-80288-KAW    Bankruptcy Court Docket No.    Tax Court Docket No.
      Criminal _____    Bankruptcy _____    Tax _____
      Miscellaneous _____    Adversary _____
      Ancillary _____
   b. Review is sought of:
      ☒ Final Order    ☐ Interlocutory Order appealable as of right    ☐ Interlocutory Order certified for appeal
   c. Name of judge who entered order being appealed:
      Judge _____   Magistrate Judge  Kandis A. Westmore
   d. Date of order(s) appealed (use date docketed): 01/17/2020    e. Date notice of appeal filed: 02/14/2020
   f. Has any other notice of appeal been filed in this case?   ○ Yes   ⊙ No   If YES, date filed: _____
   g. Are any motions currently pending in trial court?   ○ Yes   ⊙ No   If YES, date filed: _____
      If YES, identify motion _____
   h. Has a transcript of proceedings been ordered pursuant to FRAP 10(b)?   ○ Yes   ⊙ No
      If NO, why not?   No transcripts of proceedings are available
   i. Has this case been before the Court under another appeal number?   ○ Yes   Appeal # _____   ⊙ No
   j. Are any cases involving the same underlying order or, to counsel's knowledge, involving *substantially the same issue,* currently pending before the District Court, this Court, another Circuit Court, or the Supreme Court?
      ○ Yes   ⊙ No   If YES, give each case's court and case name, and docket number: _____
   k. Does this case turn on validity or correct interpretation or application of a statute?   ⊙ Yes   ○ No
      If YES, give popular name and citation of statute 9 U.S.C. Sections 1-16 Federal Arbitration Act
7. Have the parties attempted to resolve issues in this case through arbitration, mediation, or another alternative for dispute resolution?   ○ Yes   ⊙ No   If so, provide program name and participation dates

Signature [signed]    Date 02/14/2020
Name of Party  Eeon f.k.a. Brett Jones
Name of Counsel for Appellant/Petitioner
Address  304 S. Jones Blvd Ste 1967 Las Vegas, NV 89107
Phone ( ___ ) _____   Fax ( ___ ) _____
ATTACH A CERTIFICATE OF SERVICE

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. Attach a certificate of service to this form.

USAC Form 42
August 2009 (REVISED)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EEON,<br><br>   Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION - OFFICE OF INTERNAL AFFAIRS, et al.,<br><br>   Respondents. | Case No. 19-mc-80288-KAW<br><br>**ORDER DENYING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 1 |

On December 5, 2019, Petitioner Eeon, f.k.a. Brett Jones, filed a motion to confirm a $600 million arbitration award purportedly entered against various California and federal government entities and officials. (Pet.'s Mot. to Compel, Dkt. No. 1.) Petitioner is currently incarcerated at the California Institution for Men in Chino, California, and claims to represent an undefined class through the arbitration. (Buranich Decl. ¶ 3, Exh. A, Dkt. No. 2-1.) On January 8, 2020, the California Respondents filed an opposition, in which they requested that the Court vacate the arbitration award. (Cal. Opp'n at 8, Dkt. No. 2.) Having reviewed the filings, the Court DENIES Plaintiff's motion to confirm.

### I. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. Further, "the court must grant such an order unless the award is vacated, modified, or corrected . . . ." *Id.* Grounds for vacating an award include:

  (1) where the award was procured by corruption, fraud, or undue

```
            means;

       (2) where there was evident partiality or corruption in the arbitrators,
       or either of them;

       (3) where the arbitrators were guilty of misconduct . . . ; or

       (4) where the arbitrators exceeded their power, or so imperfectly
       executed them that a mutual, final, and definite award upon the
       subject matter submitted was not made.
```

9 U.S.C. § 10(a).

## II. DISCUSSION

The Court finds that the purported arbitration award is not valid. First, there is no valid agreement to arbitrate. Instead, it appears that Petitioner sent a "Conditional Acceptance Performance Contract, Binding and Irrevocable, Coupled with an Interest," requesting information about various custody practices. (Contract at 1-5, Dkt. No. 1.) The "Contract" states that Sitcomm Arbitration Association ("Sitcomm") will have sole and exclusive jurisdiction over any controversies, disputes, claims, breaches, objections, and/or issues arising from the contract. (Contract at 7.)

Here, only one of the Respondents, the Office of the Inspector General ("OIG"), received the "Contract." (Cal. Opp'n at 4; Buranich Decl. ¶¶ 4-9.) OIG staff responded on September 16, 2019, advising Petitioner that he should attempt to resolve any issues with the California Department of Corrections and Rehabilitation. (Buranich Decl., Exh. G.) The September 16, 2019 response did not accept the arbitration agreement, and there is no evidence that any entity on behalf of Respondents accepted the arbitration agreement. To the extent that Petitioner is suggesting that Respondents accepted the arbitration agreement through silence, "the theory that silence and inaction would constitute an acceptance[] has been consistently rejected by the courts." *Sorg v. Fred Weisz & Assocs.*, 14 Cal. App. 3d 78, 81 (1970).

Second, the Court finds that the invalid arbitration award by Sitcomm must be vacated. Multiple "courts around the country have expressed doubts regarding [Sitcomm]'s validity." *Meekins v. Lakeview Loan Servicing, LLC*, Civil No. 3:19cv501 (DJN), 2019 WL 7340300, at *3 (E.D. Va. Dec. 30, 2019); *see also Kalmowitz v. Fed. Home Mortg. Corp.*, Civil Action No. 6:19-MC-00010-JCB-JDL, 2019 WL 624928, at *2 (E.D. Tex. Oct. 22, 2019) ("Sitcomm does not

appear to be a valid entity of arbitration.").[1] In each of those cases, the courts noted that the so-called arbitration awards were "devoid of any specific fact-finding" and "d[id] not appear to have any meritorious basis in fact or law." *U.S. Bank Nat'l Ass'n v. Nichols*, Case No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *3 (N.D. Okla. Sept. 10, 2019); *Kalmowitz*, 2019 WL 624928, at *2; *see also Meekins*, 2019 WL 7340300, at *3. Quite accurately, one court went so far as to characterize Sitcomm's award as "a bizarre jumble of inconsistent, nonsensical word salad" and "uninformative blatherskite." *Nichols*, 2019 WL 4276995, at *3. Yet another court has suggested, in a case involving a Sitcomm award, that "the purported arbitration award, hearing, and arbitrator are parts of a larger fraudulent enterprise." *Brown v. Ally Fin. Inc.*, Civil Action No. 2:18-cv-70-KS-MTP, 2019 WL 6718672, at *3 n.1 (S.D. Miss. Dec. 10, 2019).

As in those cases, here, the "arbitration award" lacks any fact-finding, instead apparently concluding that the Respondents' failure to respond constitute "consent and agreement" to facts stated in the "Contract." (Sitcomm Award at 3, 5, Dkt. No. 1.) The award further states that Respondents' failure to respond also constituted "tacit acquiescence," citing no authority in support. (*Id.* at 5.) The award ultimately concludes that Petitioner and the unknown class were entitled to a "Summary Award, equivalent to the amount requested due to the existence of a valid contract under which the Respondents were obligated but failed to uphold, after agreeing to the

---

[1] Sitcomm's "About Us" page states:

> We are small group of individuals who have come together with our unique skills and history to help those who seek to resolve their contractual disputes and other matters in a peaceful setting.
>
> Our goal in [sic] our aim is to help individuals reduce the burden on government, their courts, and their other administrative agencies. One way we do this is by helping the consumer with a preformatted generalize [sic] contract that includes all of the elements necessary for enforcement.
>
> As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship.

SITCOMM ARBITRATION ASSOCIATION, ABOUT US, https://saalimited.com/More%20about%20us.html (last visited Jan. 15, 2020).

3

terms which they ignored/refused to answer." (*Id.* at 11 (all bold omitted).) The award also contains curious terms such as ordering that the parties "agree that arbitration is to be utilized as the exclusive remedy for determining habeas corpus and that a habeas petition to the arbitrator shall be paid at the expense of the administrative branch no later than 30 days of application with failure to do so being a breach of care that equates to a waiver of any right to contest proceedings." (*Id.*) These terms are, indeed, nonsensical.

Accordingly, the Court vacates the "arbitration award." *See Meekins*, 2019 WL 7340300, at *4 (vacating the arbitration award issued by Sitcomm because it "has no legal validity and could only have been the product of undue means"); *Kalmowitz*, 2019 WL 6249298, at *2 (vacating the arbitration award issued by Sitcomm on the basis of procurement through fraud because the award did not "have any meritorious basis in fact or law, and Sitcomm does not appear to be a valid entity of arbitration").

### III. CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's motion to confirm the arbitration award, and VACATES the arbitration award.

IT IS SO ORDERED.

Dated: January 17, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EEON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION - OFFICE OF INTERNAL AFFAIRS, et al.,<br><br>　　　　　Defendants. | Case No.: 19-mc-80288-KAW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

(1) I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2) On 1/17/2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Eeon
304 S. Jones Blvd.
Ste. 1967
Las Vegas, NV 89107

Dated: 1/17/2020

Susan Y. Soong
Clerk, United States District Court

By: _____
Doug Merry, Deputy Clerk to
the Honorable Kandis A. Westmore

Service Certificate CRD
rev. August 2018